UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MICHAEL J. KNEITEL,

                Plaintiff,

          - against -

GARY H. ROSE, NYC MARSHAL; THE
CITY OF NEW YORK; JOHN DOE, NYC
POLICE DETECTIVE; JANE DOE, NYC
POLICE DETECTIVE; KENNETH QUICK,
NYC POLICE DEPUTY INSPECTOR;
JAMES P. O'NEILL, NYC POLICE
COMMISSIONER;

                Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-3742 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

      On July 1, 2019, Plaintiff Michael J. Kneitel ("Plaintiff") commenced the instant *pro se* action pursuant to 42 U.S.C. § 1983 against Defendants New York City Police Department ("NYPD") Detective John Doe, NYPD Detective Jane Doe, NYPD Deputy Inspector Kenneth Quick, NYPD Commissioner James P. O'Neill (collectively, "NYPD Officer Defendants"), New York City Marshal Gary H. Rose, and the City of New York. (*See generally* Complaint ("Compl."), Dkt. 1.) The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the following reasons, the Court dismisses all claims against all Defendants. However, the Court grants Plaintiff thirty days' leave to submit an amended complaint alleging a Fourth Amendment claim for unreasonable seizure of his vehicle.

## BACKGROUND

Plaintiff's complaint alleges as follows.[1] On October 24, 2015, Plaintiff noticed that his vehicle was missing from where it was parked the night before. (Compl., at 3.) Plaintiff called the NYPD to report the vehicle stolen. (*Id.*) Two NYPD officers from the 66th Precinct arrived and filed a stolen vehicle report. (*Id.*) Plaintiff then "advised the officers [that] there [were] video recording cameras maintained by private citizens and the City of New York" and "therefore, it m[ight] prove fruitful to investigate further in order to apprehend the car thief[]." (*Id.*) The officers informed Plaintiff that an alarm would "be put on the vehicle['s] license plate and VIN number, so if any member of Law Enforcement happen[ed] to find the vehicle, it [would] come up on the system as a 'stolen' vehicle and[] would be returned to [P]laintiff." (*Id.*) Thereafter, Plaintiff periodically called the NYPD to request updates on the investigation, but was disappointed to learn that progress had not been made. (*Id.*)

In July 2016, Plaintiff received a letter from Defendant Gary H. Rose—a Marshal[2] for the City of New York—who claimed to have possessed Plaintiff's vehicle for a few months. (*Id.*) Defendant Rose informed Plaintiff that "the vehicle was about to be placed on the auction block to pay for storage fees and parking tickets." (*Id.*) Plaintiff subsequently appeared at Defendant

---

[1] "At the pleadings stage of a case, the court assumes the truth of 'all well-pleaded, nonconclusory factual allegations' in the complaint.'" *Durant v. N.Y.C. Housing Auth.*, No. 12-CV-937 (NGG) (JMA), 2012 WL 928343, at *1 (E.D.N.Y. Mar. 19, 2012) (quoting *Kiobel v. Royal Dutch Petrol. Co.*, 621 F.3d 111, 123 (2d Cir. 2010)).

[2] Plaintiff identifies Defendant Rose as an NYC Marshal in his complaint (*see* Compl., at 1) and information publicly available on the New York City Inspector General's website corroborates this identification, *see* NYC Marshals List, New York City's Inspector General, Department of Investigation, https://www1.nyc.gov/site/doi/offices/marshals-list.page (last visited Aug. 13, 2019). *See Volpe v. Am. Language Commc'n Ctr., Inc.*, 200 F. Supp. 3d 428, 431 n.1 (S.D.N.Y. 2016) ("Courts routinely take judicial notice of documents retrieved from official government websites.").

Rose's place of business "to inspect his vehicle and found that the vehicle was stripped bare" with "[n]o engine, transmission seats, carpet[,] [b]ody panels[,] . . . tires[, or] rims." (*Id.* at 4.) Plaintiff's complaint alleges that "the NYPD and Defendant Gary H. Rose have been working in concert to deprive [P]laintiff of not only his property but his civil rights of due[] process, equal protection under the laws, to be free and secure from unreasonable searches and seizures, [and] physical and emotional stress." (*Id.*) At the same time, the complaint asserts the following four claims: (1) deprivation of property against Defendant Gary H. Rose; (2) failure to investigate against Defendants NYPD Detectives John and Jane Doe; (3) failure to train against Defendant NYPD Inspector Kenneth Quick and NYPD Commissioner James P. O'Neill; and (4) fraud conspiracy against all Defendants. (*Id.* at 4–6.)

## STANDARD OF REVIEW

A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise "the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–76 (2d Cir. 2006) (quotations omitted), even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

3

## DISCUSSION

### I. Equal Protection Claim

Although Plaintiff asserts in his complaint that he was deprived of "equal protection under the laws" (Compl., at 4), he alleges no facts supporting any conceivable equal protection claim. *See Dorcely v. Wyandanch Union Free Sch. Dist.*, 665 F. Supp. 2d 178, 194 (E.D.N.Y. 2009) (describing "two essential elements" of an equal protection claim: "(1) the plaintiff was treated differently than others similarly situated"; and "(2) this differential treatment was motivated by an intent to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person" (quotation omitted)). Accordingly, any such claim is dismissed. *See Williams v. Bachu*, Nos. 13-CV-4610 & 13-CV-4611 (ARR), 2013 WL 5366948, at *1 (E.D.N.Y. Sept. 24, 2013) ("[E]ven a *pro se* complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" (quoting *Twombly*, 550 U.S. at 570)).

### II. Failure-to-Investigate Claim

Plaintiff asserts a specific claim against Defendants NYPD Detectives John and Jane Doe for failing to investigate the alleged theft of his vehicle. (Compl., at 5.)

To the extent Plaintiff asserts a claim against the NYPD as a whole (Compl., at 3 (alleging that NYPD "does not investigate stolen vehicles")), this *Monell* claim fails. "[P]olice officers have no affirmative duty to investigate complaints, as the government and its agents are under no general duty to provide public services or protection to individual citizens." *Morris v. City of New York*, No. 14-CV-1749 (JB) (LB), 2015 WL 1914906, at *5 (E.D.N.Y. Apr. 27, 2015) (citing *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989)); *see also Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 760, 765 (2005) (noting the "well established tradition of police

discretion" and that "[t]he serving of public rather than private ends is the normal course of the criminal law").

For the same reason, Plaintiff's claims against the NYPD John and Jane Doe Officers premised on an alleged failure to investigate the theft of Plaintiff's vehicle must be dismissed as well. *See Nachmenson v. NYPD Precinct*, No. 17-CV-3637 (LDH) (RML), 2017 WL 4574478, at *2 (E.D.N.Y. Oct. 11, 2017) (holding that "any potential claims against the individual police officers would be dismissed for failure to state a claim" where "[p]laintiff claim[ed] that he called the police to report a break-in and that the officers at the 77th Precinct did not investigate the incident to his satisfaction").

Thus, Plaintiff's failure-to-investigate claims are dismissed.

### III. Failure-to-Train Claim

Plaintiff asserts a claim against Defendant NYPD Inspector Kenneth Quick and NYPD Commissioner James P. O'Neill for failing "to train, discipline[,] or terminate" Defendants NYPD Detectives John and Jane Doe. (Compl., at 5.) Because "vicarious liability is inapplicable" to § 1983 suits, this claim is dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see Newton v. City of New York*, 640 F. Supp. 2d 426, 448 & n.155 (S.D.N.Y. 2009) ("[P]assive failure to train claims pursuant to section 1983 have not survived the Supreme Court's recent decision in *Ashcroft v. Iqbal*." (collecting cases)). Furthermore, to the extent Plaintiff is asserting a *Monell* claim against the NYPD based on a failure to train its officers in the investigation of car thefts, he has alleged no facts to support such a claim.

### IV. Civil Fraud Conspiracy Claim

Plaintiff asserts a claim against all Defendants for "act[ing] in concert to defraud and conspire against [P]laintiff." (Compl., at 6.) To the extent Plaintiff advances a claim for civil

5

fraud conspiracy, any such claim is dismissed. *See Brito v. Arthur*, 403 F. App'x 620, 621 (2d Cir. 2010) (summary order) ("Complaints containing only 'conclusory, vague, or general allegations of a conspiracy to deprive a person of constitutional rights' will be dismissed." (quoting *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977) (*per curiam*))).

## V. Deprivation-of-Property Claim

Plaintiff asserts a claim against Defendant Rose for depriving him of property, *i.e.*, his vehicle, for several months. (Compl., at 3.)

To the extent Plaintiff sues Defendant Rose in his personal capacity for deprivation of property under the Due Process Clause, it is well established that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The Second Circuit has emphasized that "an adequate post-deprivation remedy is a defense to a Section 1983 due process claim only where the deprivation is random and unauthorized." *Alexandre v. Cortes*, 140 F.3d 406, 411 (2d Cir. 1998). "To state it another way, the availability of post-deprivation remedies does not defeat a § 1983 claim where the alleged loss results from adherence to an established state or municipal policy." *Pangburn v. Culbertson*, 200 F.3d 65, 71 (2d Cir. 1999).

Here, Plaintiff makes no allegation that Defendant Rose confiscated his vehicle pursuant to any sort of state or municipal policy,[3] which renders the loss of property at issue "random and

---

[3] As discussed *supra*, Plaintiff cannot state a claim against the NYPD premised on the theory that, as a matter of policy, it violated a duty to investigate the alleged theft of Plaintiff's vehicle. *See, e.g.*, *Morris*, 2015 WL 1914906, at *5 ("[P]olice officers have no affirmative duty to investigate complaints, as the government and its agents are under no general duty to provide public services or protection to individual citizens.").

unauthorized." *See Sullivan v. Town of Salem*, 805 F.2d 81, 86 (2d Cir. 1986) (distinguishing conduct of officials that "either established or was pursuant to town policy," which cannot displace a § 1983 claim through adequate remedies under state law, with "random, unauthorized conduct," which can). And where, as here, the "loss of property was random and unauthorized, courts have found that New York provides an adequate post-deprivation remedy in the form of state law causes of action for negligence, replevin, or conversion." *Cantave v. N.Y.C. Police Officers*, No. 09-CV-2226 (CBA) (LB), 2011 WL 1239895, at *7 (E.D.N.Y. Mar. 28, 2011) (quotations omitted); *see id.* (collecting cases). Thus, Plaintiff's deprivation-of-property claim against Defendant Rose in his individual capacity is dismissed.

Moreover, to the extent Plaintiff seeks to (1) sue Defendant Rose in his official capacity, or (2) hold Defendant City of New York responsible for Defendant Rose's conduct, Plaintiff fails to state a claim. "[A] suit against a governmental officer in his official capacity is the same as a suit against the entity of which the officer is an agent, and that victory in such an official-capacity suit imposes liability on the entity that the officer represents." *McMillian v. Monroe Cty., Ala.*, 520 U.S. 781, 785 n.2 (1997) (quotations, brackets, citations omitted)). A municipality can be liable under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury [for which] the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 694 (1978). In this case, Plaintiff fails to allege any facts suggesting the existence of a policy, custom, or practice that directly resulted in the deprivation of property he claims to have endured. *See Jones v. Town of East Haven*, 691 F.3d 72, 81 (2d Cir. 2012) ("[I]solated acts . . . by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability.");

*Swanson v. City of New York*, No. 16-CV-3231 (MKB), 2017 WL 3130322, at *12 (E.D.N.Y. July 21, 2017) ("[B]efore the actions of subordinate city employees can give rise to section 1983 liability, the unlawful practice must be 'so manifest as to imply the constructive acquiescence of senior policy-making officials.'" (quoting *Newton v. City of New York*, 779 F.3d 140, 156 n.18 (2d Cir. 2015))). Thus, any deprivation-of-property claim against Defendant Rose in his official capacity or Defendant City of New York is dismissed.

## VI. Fourth Amendment Claim

Plaintiff asserts that he was deprived of his Fourth Amendment right "to be free and secure from unreasonable searches and seizures," based on the impounding of his vehicle by Defendants Rose and New York City. (Compl., at 4.) While the facts alleged in the complaint appear to suggest a viable Fourth Amendment claim, they are currently insufficient to state a such a claim. "The Fourth Amendment protects against unreasonable seizures[4] of property." *Juliano v. DeAngelis*, No. 06-CV-1139 (GLS) (DRH), 2007 WL 1267274, at *1 (N.D.N.Y. Apr. 30, 2007) (citing *Soldal v. Cook Cty., Ill.*, 506 U.S. 56, 62 (1992)). "[T]he reasonableness determination [] reflect[s] a careful balancing of governmental and private interests." *Soldal*, 506 U.S. at 71 (quotation omitted). "To determine whether a seizure is unreasonable, a court must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interest alleged to justify the intrusion and determine whether the totality of the circumstances justified the particular sort of seizure." *Carroll v. Cty. of Monroe*,

---

[4] "A seizure occurs when there is some meaningful interference with an individual's possessory interest in that property." *Shaul v. Cherry Valley-Springfield Cent. Sch. Dist.*, 363 F.3d 177, 185 (2d Cir. 2004). An individual's interest in property includes "not only the right to actual possession of a thing, but also the right to exclude others from possessing it, the right to use it and receive income from its use, the right to transmit it to another, and the right to sell, alienate, waste, or even destroy it." *Almeida v. Holder*, 588 F.3d 778, 788 (2d Cir. 2009).

712 F.3d 649, 651 (2d Cir. 2013) (quotations and alterations omitted). Additionally, "the plaintiff has the burden to prove that a seizure was unreasonable." *Id.*

Plaintiff's complaint, in its current form, does not sufficiently allege that the circumstances surrounding the seizure of his vehicle were not "'objectively reasonable' in light of the facts and circumstances . . . without judging them 'with the 20/20 vision of hindsight.'" *Matteson v. Hall*, No. 18-CV-6772 (MAT), 2019 WL 2192502, at *7 (W.D.N.Y. May 21, 2019) (quoting *Graham v. Connor*, 490 U.S. 386, 396, 397 (1989)). This claim is therefore dismissed.

## VII. Opportunity to File Amended Complaint

Given Plaintiff's *pro se* status, the Court grants him thirty (30) days from entry of this Order to amend his complaint to allege an unreasonable seizure claim. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (instructing district court not to dismiss *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated" (quotation omitted)).

## CONCLUSION

For the foregoing reasons, the Court dismisses all claims against all Defendants. However, the Court grants Plaintiff leave to submit an amended complaint within thirty (30) days of this Order alleging a Fourth Amendment claim for unreasonable seizure of his vehicle. So long as Plaintiff has a legitimate basis for doing so, the Court recommends that Plaintiff (1) only name Gary H. Rose and the City of New York as Defendants; (2) allege facts demonstrating that Gary H. Rose confiscated and/or vandalized Plaintiff's vehicle pursuant to a municipal policy; (3) refrain from arguing that the NYPD had an affirmative obligation arising under the Constitution to investigate the theft of Plaintiff's vehicle; and (4) allege more facts to substantiate his claim of unreasonable seizure under the Fourth Amendment, which requires Plaintiff to demonstrate that

Defendant Rose was "personally involved in authorizing the unconstitutional seizure of [P]laintiff's car," *Rackley v. City of New York*, 186 F. Supp. 2d 466, 469 (S.D.N.Y. 2002). The Court advises Plaintiff that the amended complaint will replace the original complaint, must be captioned "Amended Complaint," and shall bear the same docket number as this Order.

Plaintiff is warned that failure to comply with the deadline will result in this action being dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 13, 2019
      Brooklyn, New York